NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0082n.06

No. 24-5789

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 12, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT G. DAVIS, | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

OPINION

Before: GIBBONS, LARSEN, and MURPHY, Circuit Judges.

PER CURIAM. After serving a prison sentence for possessing a firearm as a convicted felon, Robert Davis was required to reside in a halfway house for six months and undergo mental health counseling and sex offender treatment as part of his supervised-release conditions. Davis repeatedly clashed with employees at the halfway house, failed to follow the house rules, and failed to appear for sex offender treatment. The probation office moved to revoke Davis's supervised release. Davis conceded that he violated the terms of his supervised release. The district court sentenced him to 10 months' imprisonment for the violation. Davis now claims that this sentence is both procedurally and substantively unreasonable. We AFFIRM.

We review the procedural reasonableness challenge for plain error because Davis failed to preserve his objection in the district court. *See United States v. Holt*, 116 F.4th 599, 613 (6th Cir. 2024). Davis argues that the court erred by considering two of the factors listed in 18 U.S.C. § 3553(a)(2)(A) when fashioning his sentence—the need "to promote respect for the law, and to provide just punishment for the offense." In his view, 18 U.S.C. § 3583(e) does not allow a district

court to consider those factors when revoking supervised release and imposing a new sentence. Davis concedes, however, that our caselaw forecloses that argument. *See United States v. Esteras*, 88 F.4th 1163, 1167–70 (6th Cir. 2023), *cert. granted* 2024 WL 4529806 (Oct. 21, 2024). So he cannot show plain error.

Davis also challenges the substantive reasonableness of his sentence. A substantive reasonableness challenge is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Davis cannot overcome the presumption of reasonableness afforded his within-Guidelines sentence. *See United States v. Xu*, 114 F.4th 829, 846–47 (6th Cir. 2024). The court considered the good: while on supervised release, Davis hadn't been arrested and "had three out of four clean drug tests." R. 75, PageID 513. But it also considered the bad: Davis did "not work well under supervision of others"; never took responsibility for his actions and instead repeatedly blamed those trying to help him; and had numerous disciplinary reports. *Id.* at 513–16. Finding that the bad outweighed the good, the court concluded that Davis was "someone who is simply not capable of oversight that the United States Probation Office can provide." *Id.* at 516. "We see no basis for second guessing that judgment." *Rayyan*, 85 F.3d at 443.

We AFFIRM.